UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSE HERNANDEZ, <br><br> Plaintiff, <br><br> v. <br><br> THOMAS DART, Sheriff of Cook County, and COOK COUNTY, ILLINOIS, <br><br> Defendants. | No. 14 C 1236 <br> Judge James B. Zagel |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jose Hernandez has brought this action pursuant to Section 202 of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, Section 504 of the Rehabilitation Act ("RA"), 29 U.S.C. § 794(a), and 42 U.S.C. § 1983 against Defendant Thomas Dart, Sheriff of Cook County, and Defendant Cook County, Illinois. Defendants now move to dismiss Plaintiff's claim against Defendant Dart in his individual capacity pursuant to Fed. R. Civ. P. 12(b)(6). For the following reasons, Defendants' motion is granted.

**I. BACKGROUND**

Plaintiff is a pretrial detainee at Cook County Jail. Am. Compl. ¶ 5. Plaintiff entered the jail on June 12, 2013. *Id*. During Plaintiff's processing, Cook County medical personnel determined that Plaintiff, who is wheelchair bound, required placement in a housing unit compliant with the ADA. *Id*. ¶ 6. Plaintiff was not assigned to an ADA compliant housing unit; rather, he was placed in a housing unit that did not have access to handicap-accessible showers or toilets, lacked accessories to accommodate his disability, and did not have proper facilities for visitation. *Id*. ¶ 9. Plaintiff complained to staff and filed grievances requesting to be placed in an ADA compliant unit. *Id*. ¶ 10. Plaintiff claims that grievance forms were not regularly available,

1

were difficult to file with appropriate staff, and could be classified as "requests" at the discretion of prison staff, resulting in many grievances being ignored. *Id*. ¶¶ 19-21. Plaintiff was not moved to an ADA compliant housing unit, and alleges that he incurred injuries as a result. *Id*. ¶¶ 11-12. Further, Plaintiff alleges that during a medical visit to an area hospital, he was "shackled to a hospital bed." *Id*. ¶¶ 16-18.

## II. STANDARD OF REVIEW

When considering a motion to dismiss for failure to state a claim, the court treats all well-pled allegations as true, and draws all reasonable inferences in the plaintiff's favor. *Justice v. Town of Cicero*, 577 F.3d 768, 771 (7th Cir. 2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*.

## III. DISCUSSION

Defendants argue that Plaintiff's § 1983 claim against Defendant Dart in his individual capacity should be dismissed because: (1) Plaintiff failed to plead enough facts that Defendant Dart had individual knowledge of or condoned any alleged constitutional violation specific to Plaintiff; (2) assignment to a non-ADA compliant housing unit is not actionable under § 1983 as there is no apparent constitutional basis or federal law entitling pretrial detainees to specific housing; and (3) § 1983 cannot be used to remedy a violation of a federal statute if the statute

already contains enforcement mechanisms. Defs.' Second Mot. Dismiss at 3-4. Defendants further argue that Defendant Dart's involvement in the creation or implementation of prison policies was in his capacity as a duly elected official. *Id*. at 4.

A.  Individual Liability

To receive § 1983 relief against an individual defendant, a plaintiff must establish (1) that the defendant acted under color of state law, and (2) that the defendant deprived him of a constitutional or federal right. *Lekas v. Briley*, 405 F.3d 602, 606 (7th Cir. 2005).

Generally, "[m]isuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken 'under color of' state law." *United States v. Classic*, 313 U.S. 299, 326 (1941). Plaintiff alleges that Defendant Dart misused his power by creating a deliberately indifferent policy of assigning disabled detainees to non-ADA compliant housing as the sheriff of Cook County. Am. Compl. ¶ 14. While Plaintiff does not plead any specific facts to establish that Defendant Dart acted under the color of state law, Defendants do not contest whether Plaintiff established this element and Plaintiff sufficiently alleges that Defendant acted under the color of law.

Defendants challenge whether Defendant Dart can be individually liable for action taken in his capacity as a duly elected official. Defs.' Second Mot. Dismiss at 4; Reply at 4. Individual capacity suits attempt to attach liability on government officials for actions committed under the color of state law. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Official capacity suits are usually another way of pleading an action against a government entity of which an officer is an agent. *Id*. at 165-66 (quoting *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 n. 55 (1978)). In an official capacity suit, the government entity must have policies or customs in place that are a "moving force" in the alleged constitutional or federal law violations.

*Id.* at 166 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981)). Plaintiff's § 1983 claim against Defendant Dart is not an official capacity claim. Plaintiff alleges that Defendant Dart's policies at the prison were the cause of the constitutional violations faced by Plaintiff. Am. Compl. ¶ 14. Plaintiff's complaint alleges that Defendant Dart had discretionary power to create policies and customs in the prison, under the color of law as Sheriff, of which Cook County was not the moving force. Am. Compl. ¶¶ 13, 14, 18-21. Plaintiff adequately alleges that Defendant Dart may be individually liable for constitutional violations committed under the color of state law. *Graham*, 473 U.S. at 165-66.

Plaintiff alleges two constitutional violations against Defendant Dart. First, Plaintiff alleges that in not being assigned to ADA compliant housing, Defendant violated his Fourteenth Amendment right not to be punished by depriving Plaintiff of adequate medical care. Am. Compl. ¶¶ 6, 8. Second, Plaintiff alleges that Defendant violated his Fourth and Fourteenth Amendment rights in shackling him to a bed during a visit to a local hospital. Am. Compl. ¶ 18.

*1. Denial of medical care*

Under the Due Process Clause, the State is prohibited from punishing pretrial detainees. *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979); *Antonelli v. Sheahan,* 81 F.3d 1422, 1427 (7th Cir. 1996). Pretrial detainees are guaranteed at least the same prohibitions against cruel and unusual punishment available to convicted prisoners under the Eighth Amendment. *Tesch v. Cnty. Of Green Lake*, 157 F.3d 465, 473 (7th Cir. 1998). Prisons generally are required to provide pretrial detainees with adequate medical care—though not every deprivation rises to the level of punishment. *Henderson v. Sheahan*, 196 F.3d 839, 844 (7th Cir. 1999). To establish a constitutional violation with regard to denial of medical care, a plaintiff must establish (1) that he had an objectively serious medical condition, and (2) that the defendant was deliberately

indifferent to the pretrial detainee's medical need. *Thomas v. Cook Cnty. Sheriff's Dept.*, 604 F.3d 293, 301 (7th Cir. 2010).

   a.   Objective Medical Condition

"An objectively serious medical condition is one that 'has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention.'" *Thomas*, 604 F.3d at 301 (quoting *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008)). Plaintiff alleges that because he is wheelchair bound, he has an objective medical condition, and that his condition requires "ADA compliant" housing, necessitating access to wheelchair accessible bathrooms, showers, visitation facilities, and other accessories. Am. Compl. ¶¶ 6, 9; Pl.'s Mem. Opp'n Mot. Dismiss at 1-2. Plaintiff further states that Cook County medical personnel concluded that he had an objectively serious medical need. Am. Compl. ¶ 6. It is uncontested that Plaintiff has sufficiently alleged that he suffers from an objective medical condition.

   b.   Deliberate Indifference

Deliberate indifference is a conscious disregard of known or obvious dangers. *Armstrong v. Squadrito*, 152 F.3d 564, 577 (7th Cir. 1998). A defendant does not need to be directly involved in the deliberately indifferent act so long as the conduct causing the conditional deprivation occurs under his direction or consent, or if he turned a blind eye to the act. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995).

Plaintiff contends that Defendant was deliberately indifferent to his medical need by failing to assign him to ADA compliant housing. Defendants, however, dispute that assignment to non-ADA compliant housing amounts to a constitutionally impermissible deprivation of medical care. Defs.' Second Mot. Dismiss at 4; Reply at 2-4. Defendants contend that Plaintiff's

claim concerns accommodation for his disability, not deprivation of medical treatment for his condition. Reply at 3. Defendants argue that there is no constitutional right to specific accommodation, and that Plaintiff's accommodation claims fall under the ADA, precluding a claim against Defendant Dart individually. Defs.' Second Mot. Dismiss at 4; Reply at 1-3.

Not being assigned to ADA compliant housing may constitute unconstitutional punishment if the deliberately indifferent assignment results in objectively serious injuries to the detainee. In *Board v. Farnham*, the Seventh Circuit found that a pretrial detainee was protected under the Eighth Amendment "not only from deliberate indifference to his or her current serious health problems, but also from deliberate indifference to conditions posing an unreasonable risk of serious damage to *future* health." 394 F.3d 469, 479 (7th Cir. 2005) (emphasis added). The court found that deprivation of toothpaste could constitute a constitutional violation of adequate medical care if the deprivation resulted from deliberate indifference by prison officials. *Id*. at 479-81. The court held, however, that "*denial of medical treatment* satisfies the deliberate indifference standard only if significant harm or injury is shown." *Id*. at 479 (emphasis in original) (citing *Jackson v. Illinois Medi–Car, Inc.*, 300 F.3d 760, 765 (7th Cir. 2002)).

Here, Plaintiff alleges that Defendant was aware of his objective medical condition and should have taken action to prevent injuries to wheelchair bound detainees resulting from assignment to non-ADA housing units, but was deliberately indifferent to doing so. Am. Compl. ¶¶ 6, 9, 12. Plaintiff's claim, however, fails in that he never alleges that he suffered a significant harm or injury resulting from a deprivation of medical care by being assigned to a non-ADA unit. Though courts have found that placement in housing without access to toilets, sinks, and showers may provide enough grounds to allege a constitutional violation, courts typically require plaintiffs to allege that they have suffered objectively significant harms or injuries resulting from

6

using the non-ADA facilities—not from the disabilities in and of themselves. *Crockwell v. Dart*, No. 13-C-4880, 2013 WL 6796788, at *2, 5-8 (N.D.Ill., 2013); *see also Whisby v. Dart*, No. 12-C-8637 (N.D. Ill. Feb. 14, 2013) (finding that an amputee detainee suffering injuries from falling down stairs due to assignment to second and third-floor housing units had a valid § 1983 claim against Defendant Dart); *Lawrence v. Dart*, No. 13-C-2053, 2013 WL 3672090, at *3 (N.D. Ill. July 12, 2013) (determining that an amputee detainee incurring injuries after falling down stairs and using non-handicap accessible toilet had a valid § 1983 claim against Defendant Dart); *Evans v. Dart*, No. 13-C-4200 (N.D. Ill. Oct. 11, 2013) (finding that a partial amputee detainee made a valid § 1983 claim against Defendant Dart, alleging that he fell while showering because of assignment to a non-ADA compliant housing unit); *McKinnie v. Dart*, No. 13-cv-1372 (N.D. Ill. Dec. 17, 2013) (determining that amputee detainee assigned to third-floor room and unable to shower pled sufficient constitutional injury); *Crockwell v. Dart*, 2013 WL 6796788, Case No. 13-C-4880 (determining that wheelchair bound detainee sufficiently pled constitutional violation where alleged injury from transferring himself to a non-handicap accessible toilet) *Clemons v. Dart*, No. 13-C-2356 (N.D. Ill. May 19, 2014) (holding that a wheelchair-bound detainee did not have a valid § 1983 claim against Defendant Dart, as the plaintiff did not adequately establish a constitutional violation); *but see Despenza v. Sheriff of Cook County*, No. 13-C-2357, 2014 WL 1246298, at *2 (N.D. Ill. Mar. 24, 2014) (finding allegation of general "personal injuries" sufficient to withstand dismissal).

Unlike *Crockwell v. Dart*, where the wheelchair bound detainee plaintiff alleged that he injured himself transferring from his wheelchair to a non-handicap accessible toilet, Plaintiff in this case does not provide any evidence that he was injured as a result of his assignment to non-ADA compliant housing. 2013 WL 6796788, Case No. 13-C-4880; Pl.'s Mem. Opp'n Mot.

Dismiss at 2; Reply at 3-4. Plaintiff does not allege that he was unable to use the bathroom, shower, or otherwise adequately use the prison facilities without being exposed to a risk of, or actually suffering, an injury. Plaintiff alleges only that he did not have access to handicap-accessible facilities, and that he suffered "personal injuries," which, as Defendants correctly argue, is a legal conclusion. Am. Compl. ¶ 12; Reply at 3.

Without alleging a specific injury that resulted from his assignment to non-ADA compliant housing, it can neither be plausibly inferred that the Plaintiff's constitutional right to medical care was deliberately ignored nor that his confinement amounted to punishment. Plaintiff's claim against Defendant Dart must be dismissed.

*2. Shackling to hospital bed*

Plaintiff alleges that Defendant violated his Fourth and Fourteenth Amendment rights by shackling him to a bed during a medical visit to an area hospital. Am. Compl. ¶¶ 16-18. The Fourth Amendment affords persons who are arrested the distinct right to a judicial determination of probable cause as a prerequisite to extended restraint of liberty following arrest. *Lopez v. City of Chicago*, 464 F.3d 711, 718-19 (7th Cir. 2006). Because Plaintiff's allegedly unlawful restraint occurred after Plaintiff's probable cause hearing, Plaintiff's Fourth Amendment rights were not violated. *Id*.

The Due Process Clause of the Fourteenth Amendment prohibits the use of bodily restraints, if such use constitutes punishment rather than a legitimate, non-punitive government purpose. *May v. Sheahan*, 26 F.3d 876, 884 (7th Cir. 2000). Conditions of confinement amount to punishment when a plaintiff establishes (1) that the conditions inflicted are objectively severe, and (2) that they are imposed with an intent to punish or deliberate indifference to the prisoner's discomfort. *Tesch*, 157 F.3d at 473-74. Plaintiff alleges that the shackling policy was objectively

8

severe, but he does not allege any facts indicating that the subjective purpose of the policy was to punish, rather than to fulfill a legitimate government purpose. Further, Plaintiff does not allege that it was Defendant Dart's intent, or deliberate indifference to the policy, that caused Plaintiff's injuries. Because Plaintiff does not sufficiently plead the second element of the alleged constitutional violation regarding confinement, the second individual liability claim against Defendant Dart is dismissed.

B.    Preemption under ADA

Defendants argue that § 1983 cannot be used to enforce a violation of the ADA or RA because the statutes already contain comprehensive enforcement mechanisms. Defs.' Second Mot. Dismiss at 4; Reply at 2-3. Because Defendants' Motion to Dismiss is granted, it is not necessary to resolve whether Plaintiff's claim is preempted by the ADA.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is granted.


Dated: July 16, 2014

_____
James B. Zagel
United States District Judge